# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CIVIL ACTION NO. 1:15-CV-00093 HBB

VICKI A GORBETT                                                                              PLAINTIFF

VS.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Vicki A Gorbett ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 17) and Defendant (DN 23) have filed a Fact and Law Summary. In addition, Plaintiff has filed a motion to remand under Sentence six of 42 U.S.C. § 405(g) (DN 16). Defendant responded (DN 22), and Plaintiff filed a reply (DN 24).

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 14). By Order entered February 9, 2016 (DN 15), the parties were notified that oral arguments would not be held unless a written request was filed and granted. No such request was filed.

FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on April 8, 2013 (Tr. 182-84).[1] Plaintiff alleged that she became disabled on March 5, 2013 as a result of a combination of diabetes, a heart condition, high cholesterol, status post cardiac stent, a back injury, depression, and other issues (Tr. 191-92). Administrative Law Judge Richard Guida ("ALJ") conducted a video hearing remotely from Baltimore, Maryland on November 17, 2014 (Tr. 48). Plaintiff was present at Bowling Green, Kentucky and represented by Mary Burchett Bower, Esq. (*Id.*). Also present and testifying was Richard Smith, an impartial vocational expert (*Id.*).

In a decision dated January 20, 2015, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 103). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 5, 2013, the alleged onset date (Tr. 105). At the second step, the ALJ determined that Plaintiff's coronary artery disease, degenerative joint disease, degenerative disc disease, diabetes, asthma, and obesity are "severe" impairments within the meaning of the regulations (Tr. 105). Also at the second step, the ALJ found Plaintiff's claimed sleep apnea, acute bronchitis, and mental impairments to be "non-severe" impairments within the meaning of the regulations (Tr. 105-06). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 106).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform less than a full range of light work (Tr. 107). More specifically, the ALJ found that Plaintiff can frequently use ramps and stairs and frequently stoop, crouch, and crawl (*Id.*). The ALJ further

---

[1] Plaintiff's application indicates a file date of April 19, (Tr. 182). This conflicts with the April 8 date provided by the ALJ, (Tr. 103). This discrepancy is not relevant to the disposition of Plaintiff's case, and the April 8 date will be used for clarity.

determined that Plaintiff can occasionally climb ladders, ropes, and scaffolds and can occasionally reach with her non-dominant upper extremity (*Id*.). However, she must avoid exposure to "temperature extremes, vibrations, hazards, fumes, odors, dust, gases, and poor ventilation" (*Id*.). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is able to perform her past relevant work as an inspector/hand packager, both as performed generally and as actually performed. (Tr. 110). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from March 5, 2013 through the date of the decision (*Id*.).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 30-32). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-6).

## CONCLUSIONS OF LAW

### A

As a preliminary matter, the Plaintiff has moved the Court to remand for consideration of new medical records which she claims support Dr. Dunn's opinion and would lead to a different outcome (DN 16, DN 24). Sentence six of 42 U.S.C. § 405(g) authorizes a prejudgment remand for consideration of new and material evidence that for good cause was not previously presented to the Commissioner. Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 174-175 (6th Cir. 1994). The party seeking remand bears the burden of demonstrating that a remand is proper under § 405(g). *Id*.

Evidence is "new" if it did not exist at the time of the administrative proceeding. Ferguson v. Comm'r of Soc. Sec., 628 F.3d 269, 276 (6th Cir. 2010); Sizemore v. Sec'y of

Health & Human Servs., 865 F.2d 709, 711 (6th Cir. 1988) (*per curiam*). Evidence is "material" if there is a reasonable probability that a different disposition would have resulted if the evidence had been submitted during the original proceeding. Ferguson, 628 F.3d at 276; Sizemore, 865 F.2d at 711. Notably, evidence is not considered material if it merely depicts an aggravation or deterioration in an existing condition. Sizemore, 865 F.2d at 712. "Good cause" is demonstrated by showing a reasonable justification for the failure to acquire and present the evidence to the Administrative Law Judge. Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001).

The evidence the Plaintiff is seeking to introduce is new, as it consists of medical records from Dr. Brian Elmlinger which show treatment of the Plaintiff from December 29, 2014, through May 6, 2015, as well as a medical source statement dated June 12, 2015 (DN 17, at p. 3). However, the evidence is likely not material, and the Plaintiff has not shown a good cause for failing to present the evidence at her initial hearing. First, much of the evidence chronicles a decline in the Plaintiff's lower back condition. For instance, Dr. Elmlinger's report of May 6, 2015 specifically notes that the Plaintiff's condition appears to have worsened since he last saw her (Tr. 12). While this supplemental evidence may be relevant to a new claim, as previously noted, an exacerbation or deterioration of a known condition is not sufficient to make new evidence material. Sizemore, 865 F.2d at 712.

In addition, the May 6 report states that, even on that date, nearly six months following the administrative hearing, Dr. Elmlinger was not yet willing to recommend a permanent disability until Plaintiff had undergone more testing (Tr. 12). Thus, this evidence is not material.

Even if the evidence were material, the Plaintiff has not demonstrated good cause for her failure to present the evidence at or before the time of the hearing. The Plaintiff argues that her financial difficulty precluded her from seeking treatment for her back condition (DN 17, at p. 4).

However, the record reveals that, during this time, the Plaintiff was already visiting Dr. Elmlinger for surgery and follow-up therapy on her shoulder (Tr. 404-05, 409-11, 421, 664-65, 667-72, 767-69). The Plaintiff has offered no explanation as to why she did not mention any issues relating to her back to Dr. Elmlinger during these visits. It her reply (DN 24), Plaintiff asserts that the nature of her insurance coverage precluded her from seeking treatment for her back pain (DN 24, at p. 2). However, Plaintiff does not offer a reason why she did not, at the very least, make mention of the pain to Dr. Elmlinger during her treatment with him.

The undersigned is skeptical of the argument that a person experiencing debilitating back pain would elect not to mention her suffering as a result of a technicality in an insurance policy. Moreover, Plaintiff has not offered, nor can the undersigned locate, any case law in support of the notion that the unwillingness of a claimant's insurer to cover a particular condition provides good cause for the claimant to fail to present evidence of the condition before her administrative hearing. Notably, the Plaintiff could have asked the ALJ to leave the record open following the hearing to enable the Plaintiff to receive confirmation of her condition in compliance with the requirements of her insurance company. Indeed, Plaintiff did request, and the ALJ agreed, to leave the record open for receipt of an x-ray (Tr. 51). The Sixth Circuit Court of Appeals has suggested that failing to "seek to have the record remain open . . . in and of itself shows a lack of good cause." Bass v. McMahon, 499 F.3d 507, 513 (6th Cir. 2007) (citing Curry v. Sec'y of Health and Human Servs., No. 87-1779, 1988 WL 89340 at *4 (6th Cir. Aug. 29, 1988) (unpublished)). Having considered the totality of the circumstances, the undersigned concludes that Plaintiff has not offered good cause for failing to timely present the evidence.

Therefore, because the evidence is not material and because there was not good cause for failing to present the evidence initially, the undersigned finds that remand for consideration of

this evidence is improper under 42 U.S.C. § 405(g). Thus, any argument urging consideration of this evidence is moot.

B

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility.) Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-6). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. § 404.1520. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fourth step. As previously noted, the ALJ found that the plaintiff could, despite her impairments, perform her past relevant work both as performed by her and as performed in the national economy. (Tr. 110).

The Plaintiff first challenges Finding No. 3 (DN 17, Fact and Law Summary, at p. 2). Finding No. 3 concerns the ALJ's conclusions at the second step. The Plaintiff argues that the ALJ failed to identify degenerative scoliosis as a severe impairment (*Id*.). However, Plaintiff does not identify how this determination altered the eventual judgment. Moreover, the Plaintiff concedes that the ALJ considered evidence of her back impairment in the determination of residual functional capacity. *Id*. It is well established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)). Here, the Plaintiff has not developed her objection on the issue of scoliosis, and it is therefore waived.

Though the argument is deemed waived, the undersigned also notes that, in support of her challenge to Finding No. 3, the Plaintiff directs the reader to her argument regarding Finding No. 5 (DN 17, at p. 2). The Plaintiff is presumably asserting that the subsequent argument would explain why the ALJ should have found that scoliosis constituted a severe impairment. This argument is deficient in two aspects. First, the challenge to Finding No. 5 is based largely on evidence submitted to the Appeals Council for review following the ALJ's decision that is not part of the record (DN 17 at p. 5-6). When the Appeals Council considers new evidence and declines review, the district court cannot consider the new evidence in deciding whether to uphold, modify, or reverse the decision of the Commissioner. Cline v. Comm'r of Soc. Sec., 96

F.3d 146, 148 (6th Cir. 1996). Moreover, nothing in the challenge to Finding No. 5 articulates why the ALJ should have found that the Plaintiff's scoliosis constituted a severe impairment (*see* DN 17, at p. 5-6).

2

The Plaintiff next challenges the ALJ's assessment of residual functional capacity at Finding No. 5 (DN 17, Fact and Law Summary, at pp. 2-6). The Administrative Law Judge makes findings regarding the claimant's residual functional capacity at step four of the sequential evaluation process. *See* 20 C.F.R. § 404.1520(e). The residual functional capacity finding is the ALJ's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546. The ALJ bases this finding on a consideration of medical source statements and all other evidence in the case record about a claimant's capabilities despite limitations caused by his or her physical and mental impairments. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546; Social Security Ruling 96-5p; Social Security Ruling 96-7p. Thus, in making the residual functional capacity finding, the ALJ must necessarily assign weight to the medical source statements in the record, consider the subjective allegations of the claimant, and make credibility findings. 20 C.F.R. §§ 404.1527(c), 404.1529; Social Security Ruling 96-7p.

The Plaintiff argues that the ALJ erred in not affording controlling weight to the treating physician, Paul Dunn, M.D (*Id*. at p. 2). Dr. Dunn concluded that the Plaintiff cannot stand or walk more than two hours in an eight hour working day (Tr. 770). Dr. Dunn further concluded that the Plaintiff would need a job that permits her to shift at will between sitting, standing, and walking as well as ten to fifteen minute breaks occurring every thirty minutes to address issues of pain or numbness (Tr. 771). Dr. Dunn recommends that Plaintiff lift ten pounds rarely and never

lift twenty pounds or more (Tr. 772). Further, Dr. Dunn advises that Plaintiff should rarely twist, stoop or bend, crouch or squat, climb stairs, and never climb ladders (Tr. 772).

Plaintiff argues that Dr. Dunn's conclusion that her condition precludes working an eight-hour, low-stress job and would result in an unacceptable amount of off time is at odds with the vocational expert who testified at Plaintiff's hearing (DN 17 at pp. 3-4). In response, the United States argues that the ALJ fully considered Dr. Dunn's testimony, recognized Dr. Dunn as a treating physician, and properly afforded his opinion little weight (DN 23 at p. 5).

Since neither party disputes Dr. Dunn's status as a treating physician, the issue becomes whether the ALJ should have afforded his testimony controlling weight. In general, an Administrative Law Judge must give a medical source controlling weight if two conditions are satisfied. First, the opinion must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and second, the opinion must not be inconsistent with other substantial evidence in the case record. 20 C.F.R. § 404.1527(c)(2). The Commissioner must provide good reasons for discounting the weight given a treating source. Gayheart v. Comm'r of Soc. Sec, 710 F.3d 365, 375 (6th Cir. 2013). "This procedural requirement insures 'that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.'" *Id*. at 376.

If the ALJ decides not to afford the treating source controlling weight, he next applies factors from the regulations to determine how much weight to give the opinion. These factors include the length, nature, and extent of the treatment relationship, the supportability and consistency of the opinion when compared with other evidence in the record, and the treating source's area of specialty. 20 C.F.R. § 404.1527(c)(2)(i)-(ii) (c)(3)-(5); Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004).

Here, the ALJ found that the medical record, including Dr. Dunn's own treatment notes, did not support as restrictive an opinion as Dr. Dunn offered in his report (Tr. 109). To support his conclusion, the ALJ noted that the Plaintiff never complained about lower back pain until August of 2014, and at that time, her physicians did not recommend any specific treatment (Tr. 109, 658, 684). Treatment notes prior to August of 2014 reveal that Plaintiff had never before complained of back pain (Tr. 360, 432, 441, 458, 464). Additionally, the ALJ concluded that Dr. Dunn's medical source statement was at odds with his treatment notes, which indicated only tenderness in the lumbar spine upon palpation and left shoulder pain with limited range of motion (Tr. 109, 830).

With regard to Plaintiff's other symptoms, the ALJ noted that the record reflects steady improvement, including increasing strength and flexibility in her shoulder following surgery (Tr. 109, 718, 722). Given this improvement, and the lack of objective abnormalities in the record, the ALJ further opined that Dr. Dunn's conclusion that Plaintiff can only stand for ten minutes at a time, sit for fifteen minutes at a time, needs a cane, and can only use her hands for five percent of an eight-hour workday is not credible (Tr. 109).

The Plaintiff next argues that Dr. Dunn's opinion should be given controlling weight because the ALJ improperly found that Plaintiff's complaint that she was experiencing a nine out of ten on a pain scale lacked support in the record (DN 17, at p. 6). The Plaintiff also challenges the ALJ's assessment of her subjective complaints of pain (Id. at p. 7-9). In assessing a claimant's residual functional capacity, an Administrative Law Judge must consider the claimant's subjective allegations and make credibility findings. 20 C.F.R. § 404.1529; Social Security Ruling 96-7p. The claimant's testimony, taken alone, is not sufficient to establish a disability. There must be medical signs and laboratory findings which reveal a medical

11

impairment that the Administrative Law Judge could reasonably expect to give rise to the alleged pain. 20 C.F.R. § 404.1529(a).

When determining whether a claimant suffers from pain or other symptoms, the Administrative Law Judge applies a two-part test. The test first requires an examination of whether there is objective medical evidence of an underlying condition. If so, the next step is to ask "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." Duncan v. Sec'y of Health & Human Servs., 801 F.22d 847, 853 (6th Cir. 1986). When, as in this case, the reported pain and/or other symptoms suggest an impairment of greater severity than can be shown by objective medical evidence, the Administrative Law Judge will consider other information and factors which may be relevant to the degree of pain alleged. 20 C.F.R. § 404.1529(c)(3).

Here, the record reflects that the ALJ considered both the objective medical evidence and the factors set out in the regulations. Objectively, the ALJ considered the record as a whole, including Dr. Dunn's own treatment notes, which reflected only mild to moderate abnormalities and "tenderness" in the Plaintiff's lumbar upon palpation (Tr. 109).

The ALJ properly considered the factors promulgated in the regulations in addition to the objective medical evidence. One factor allows the Administrative Law Judge to consider what treatment a Plaintiff has undergone for alleged pain. 20 C.F.R. § 404.1529(c)(3)(i). The ALJ observed that the Plaintiff received only conservative treatments for her various impairments, including only routine follow-up visits for her heart condition and successful physical therapy following shoulder surgery (Tr. 108-09). Additionally, as mentioned above, the ALJ observed

12

that Plaintiff never complained of back pain until August of 2014 (Tr. 109, 658, 684). And, at this time, she did not undergo any treatment. *Id.* The frequency with which the plaintiff has sought treatment for allegedly disabling pain is another factor an ALJ may properly consider when making an assessment of the Plaintiff's subjective complaints. 20 C.F.R. § 404.1529(c)(3)(v). Finally, the ALJ observed that, despite a doctor's recommendation that she get bronchodilator therapy for her breathing impairment, the Plaintiff did not follow up with treatment (Tr. 109). An ALJ may consider the failure to seek treatment as a factor in assessing credibility. Blacha v. Sec'y of Health and Human Servs., 927 F.2d 228, 231 (6th Cir. 1990).

Tolerance of pain is a highly subjective and individualized matter. The ALJ, who has both the medical record and the Plaintiff's testimony before him, must necessarily make a determination of credibility, and this determination "should not be discharged lightly." Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984) (citing Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383 (6th Cir. 1978)). The undersigned finds that the ALJ's conclusion in this instance is supported by substantial evidence and fully comports with applicable law.

Thus, the ALJ gave little weight to Dr. Dunn because of patent inconsistencies between his medical opinion and his own treatment notes and because the rest of the medical record does not substantially support Dr. Dunn's opinion. Because there is nothing to support the stated level of limitation, the ALJ was not required under Gayheart to give Dr. Dunn controlling weight, regardless of his status as a treating physician. Moreover, having reviewed Dr. Dunn's opinion, the undersigned agrees that the significant limitations imposed by Dr. Dunn are inconsistent with the medical record, and substantial evidence in the record supports the ALJ's findings.

3

The Plaintiff further contends that the ALJ erred in failing to consider the impact of the Plaintiff's obesity (DN 17, at p. 10). However, the Plaintiff does not support or develop this argument other than to say that remand is required for additional consideration of these issues. It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Layne, 192 F.3d at 566. Thus, the undersigned considers this argument waived.

Though the argument is waived, the undersigned nonetheless concludes that substantial evidence supports the ALJ's treatment of the Plaintiff's obesity. The ALJ found that Plaintiff's obesity constituted a severe impairment that may serve to exacerbate other physical impairments (Tr. 105, 107). The Plaintiff, however, did not offer any evidence explaining in what manner her obesity has exacerbated other physical impairments, nor how additional consideration would have led to a different opinion. The burden rests on the Plaintiff to demonstrate through medical evidence how her impairment has affected her during the disability period. 20 C.F.R. 404.1512. The Plaintiff did not meet this burden, and the undersigned concludes that the AL's decision was supported by substantial evidence.

4

The Plaintiff next challenges Finding No. 6, which concerns the ALJ's conclusion following an assessment of the Plaintiff's functional residual capacity that she is capable of performing her former work as an inspector/hand packager (Tr. 110, DN 17 at pp. 9-10). The Plaintiff contends that the ALJ's conclusion is not supported by substantial evidence because he failed to give controlling weight to Dr. Dunn's opinion. However, the Plaintiff offers no further

arguments to those discussed above. As the undersigned has concluded that the ALJ properly decided not to assign Dr. Dunn's opinion controlling weight, this argument is moot.

In addition, the ALJ's conclusion regarding the Plaintiff's ability to work is supported by substantial evidence. The ALJ questioned the testifying vocational expert, Richard Smith, asking him hypothetical questions regarding Plaintiff's ability to work which considered Plaintiff's level of skill and education, but which also took into account the Plaintiff's functional residual capacity (Tr. 72-74). This series of questions considered both a medium and light workload as well as the Plaintiff's limitations (Id.). The ALJ based his decision on the vocational expert's responses (Tr. 110). Since the ALJ's questions thoroughly considered the Plaintiff's functional residual capacity, the decision is supported by substantial evidence.

## ORDER

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence, and it is ordered that judgment be granted for the Commissioner.

Copies:     Counsel